No. 19,906.

ODESSA W. CLARK *v.* CORNELIA WILLIS AS ADMINISTRATRIX
OF ESTATE OF BEN WILLIS, DECEASED, AND
ODELLA ANDERSON.
(368 P. [2d] 968)

Decided February 5, 1962. Rehearing denied March 5, 1962.

Mr. GEORGE G. ROSS, for plaintiff in error.

Messrs. DANIEL, McCAIN & BROWN, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as Odessa; to defendant in error Willis as Cornelia, and to the other defendant in error as Odella.

December 7, 1955, a petition for letters of administration was filed by Cornelia in the county court of Weld county, in which she alleged that Ben Willis died intes-

tate November 23, 1955, leaving an estate consisting of real and personal property. Cornelia further averred that she was the widow of said Ben Willis and that the only other heirs-at-law were his daughters Odessa and Odella.

Cornelia was appointed administratrix of said estate and performed her duties as such, and July 22, 1958, she caused notice to be given of final settlement in said estate, and also for an order determining the heirs of said Ben Willis, deceased. The cause was set for September 9, 1958, for hearing on these matters. August 28, 1958, Odessa filed a petition in which she sought to set aside the appointment of Cornelia as administratrix. As grounds for this motion she alleged that neither Cornelia nor the deceased were able to enter into a valid marriage on November 27, 1929 (when a purported marriage took place between them) for the reason that each of said parties had a spouse then living from whom no divorce had been granted.

September 23, 1958, the county court heard and denied Odessa's petition. It was further adjudged that Cornelia was the widow and heir-at-law of deceased, and that Odessa and Odella were daughters and heirs-at-law of the deceased, and each entitled to an undivided one-fourth interest in said estate.

An appeal was taken by Odessa to the district court where the matter was heard de novo. The district court reached the same conclusions and on May 29, 1959, entered the same judgment as that obtained in the county court. Odessa caused writ of error directed to that judgment to issue December 14, 1959. A motion to dismiss the writ of error was filed in this court on the ground that it was not issued within the time required by rule. The motion was sustained by this court and the writ of error dismissed on January 10, 1961. (Cause No. 19,669.)

Following remand the county court proceeded to approve the final report filed by Cornelia, and ordered

that she be discharged as administratrix. Objections were made by Odessa and with relation thereto the county court found as follows:

" * * * Now comes on for hearing the motion to set aside all reports of the alleged Administratrix and dismiss same. The Court has read and considered it fully and finds that it is nothing more than a continuance of the matters previously adjudged by this Court and the District Court on the appeal from this Court and which was concluded by the decree from the District Court and the remittitur issued back by the Supreme Court of the State of Colorado filed in this Court January 11, 1961, and the Court feels all the matters have been determined and the motion is denied."

That the findings of the county court were correct is evidenced by the very things which Odessa asks this court to do in the case. She now asks this court, in substance:

To declare that Cornelia Willis was not the wife of the deceased;

That Odessa W. Clark be authorized to take over the administration of the estate as an heir-at-law;

That all things done by Cornelia as administratrix be declared illegal and unlawful, etc.

These are the precise matters originally litigated in the county court. On appeal to the district court the judgment of the county court was affirmed, and those matters were finally adjudicated when this court dismissed the writ of error in that case and remittitur issued.

The judgment is affirmed.