## EX PARTE GEORGE.

No. 375. Decided November 13, 1962.

*Arthur J. Mandell* for petitioner.

*Tom M. Davis* for respondent.

PER CURIAM.

The petition for certiorari is granted. We vacate the judgment of the Supreme Court of Texas setting aside the original writ of habeas corpus issued by it on July 10, 1961, and remand the cause to that court for further proceedings not inconsistent with this opinion.

American Oil Company was involved in a labor dispute with the National Maritime Union, which represented unlicensed crew members aboard company vessels. The union peacefully picketed a refinery operated by a subsidiary of American that had a valid collective bargaining agreement with the Oil, Chemical and Atomic Workers International Union. Upon findings that the object of the National Maritime Union's picketing of the refinery was to secure the disregard, breach or violation of the collective bargaining agreement by the refinery workers and their union, in violation of Art. 5154d, § 4,

Vernon's Tex. Rev. Civ. Stat., Ann., the subsidiary obtained a temporary injunction from the Tenth Judicial District Court of Galveston County against picketing at the refinery. The injunction in express terms bound the petitioner, an official of the National Maritime Union. Petitioner nevertheless picketed the refinery after publicly announcing his intention so to do, on the ground that he did not believe that the court had jurisdiction to issue the injunction. He was adjudged in contempt.

The only issue mooted on the habeas corpus proceeding was the jurisdiction of the District Court to issue the injunction. Under Texas law one may not be punished for contempt for violating a temporary injunction, as here, granted by a court having no jurisdiction of the subject matter. *Ex parte Twedell,* 158 Tex. 214, 309 S. W. 2d 834; *Ex parte Dilley,* 160 Tex. 522, 334 S. W. 2d 425. The District Court was without jurisdiction if petitioner's picketing was arguably prohibited or arguably protected by the National Labor Relations Act. "In the absence of the Board's clear determination that an activity is neither protected nor prohibited or of compelling precedent applied to essentially undisputed facts, it is not for this Court to decide whether such activities are subject to state jurisdiction." *San Diego Building Trades Council* v. *Garmon,* 359 U. S. 236, 246. The Texas Supreme Court held that petitioner's conduct was neither arguably prohibited nor arguably protected by the Act. 163 Tex. ——, 358 S. W. 2d 590. We disagree. Even assuming, without deciding, that the picketing would not fall within the prohibitions of § 8 (b)(1)(A) or § 8 (b)(4)(i)(B) of the National Labor Relations Act, as amended, we hold, in light of the District Court's finding that American wholly owns the subsidiary and "directs and controls all of . . . [its] activities," that petitioner's picketing was conduct at least arguably protected by § 7 of the Act.

*Vacated and remanded.*