**Ex parte Sherman D. GEORGE.**

**No. A–8518.**

Supreme Court of Texas.

Jan. 30, 1963.

———◆———

Mandell & Wright, Houston, for relator.

Baker, Botts, Andrews & Shepherd, Houston (John B. Abercrombie, Houston, with Armstrong, Bedford & Lambdin, Galveston, for respondent.

SMITH, Justice.

On January 3, 1962, in this original Habeas Corpus proceeding, we sustained the action of the District Court of Galveston County, Texas, wherein it granted a tempo-rary injunction and later adjudged George in contempt for the violation thereof. We held that the State District Court had jurisdiction of the subject matter and that the injunction was valid. See: Ex parte George, Tex., 358 S.W.2d 590.

The judgment of this court remanding the Relator to the custody of the Sheriff of Galveston County, Texas, until he had purged himself of contempt by serving the time and paying the fine ordered by the District Court, has been reversed by the United States Supreme Court. See: Ex parte George, 371 U.S. 72, 83 S.Ct. 178, 9 L.Ed.2d 133, November 13, 1962.

We held that the Relator's conduct was neither arguably prohibited nor arguably protected by the National Labor Relations Act. The United States Supreme Court has held that:

"Even assuming without deciding, that the picketing would not fall within the prohibitions of § 8(b) (1) (A) or § 8(b) (4) (i) (B) of the National Labor Relations Act, as amended, we hold, in light of the District Court's finding that American wholly owns the subsidiary and 'directs and controls all of * * * [its] activities,' that petitioner's picketing was conduct at least arguably protected by § 7 of the Act."

The cause has been remanded to this court for further proceedings not inconsistent with the opinion rendered by the United States Supreme Court on November 13, 1962. That judgment has become final, and the holding therein is now the law of this case.

Therefore, since the District Court of Galveston County was without jurisdic-tion to issue the injunction, the Relator may not be punished for contempt. Ex parte Twedell, 158 Tex. 214, 309 S.W.2d 834; Ex parte Dilley, 160 Tex. 522, 334 S.W.2d 425.

Relator is ordered discharged. All costs are to be taxed against the American Oil Company.