Romeo RENDON, Appellant,

v.

GULF OIL CORPORATION, Appellee.

No. 331.

Court of Civil Appeals of Texas.

Corpus Christi.

April 20, 1967.

Rehearing Denied May 11, 1967.

Ralph Alexander and Travis Hiester, of Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

J. W. Patterson, Jr., of Cox & Patterson, McAllen, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court granting a temporary injunction in favor of Gulf Oil Corporation, appellee, prohibiting and restraining Romeo Rendon, appellant, from refusing to permit appellee and those under contract to it from having free ingress and egress to and from a five acre tract of land situated in Hidalgo County, Texas, and further restraining appellant from interfering in any way with the building of a road along the south boundary line of said tract to permit ingress and egress to the drilling site, and from interfering with the construction and maintenance of all pits, drilling equipment, tanks and other apparatus used in the drilling of an oil or gas well on said tract.

Appellee, Gulf Oil Corporation, as plaintiff, alleged in substance the following: That it is the owner of an oil and gas lease dated August 11, 1964, on the tract in question; that defendant Rendon is the owner of the surface of said property; that under said lease plaintiff, as lessee, is granted the privilege of locating a drilling site for oil and gas on said property and has the right of constructing a road to provide ingress and egress to and from a drilling site and the right to locate equipment such as is necessarily and customarily used in the operation of drilling oil or gas wells on said property; that plaintiff had entered into a contract with third parties to locate a rig and drill a well on said tract and to construct a road along its south boundary connecting with U. S. Highway 281; that said lease among other things provided that the lessee shall pay the owner of the leased premises a reasonable sum for damages resulting to the premises or improvements which may be caused by or result from the operations of the lessee under said lease; that said five acre tract is not under cultivation, has no improvements or citrus trees thereon and no business activities are being conducted thereon, and no reason exists to deny plaintiff its right to locate a

drill site thereon; that defendant without valid or legal reason has arbitrarily refused to permit plaintiff's agent or the agents of its contractor to come upon the premises and to commence the construction of a road or the setting up of a drilling rig; that such conduct on the part of defendant is unwarranted and contrary to the legal rights of plaintiff and is causing damage to it at least in the sum of $1700.00 per diem; that unless defendant is restrained he will cause irreparable injury to plaintiff for which there is no adequate remedy at law; that defendant has an adequate remedy at law for all damages that he may sustain or which may be sustained in due course after drilling operations have commenced. Plaintiff prayed for a temporary restraining order without notice and upon hearing for temporary injunction.

Rendon filed an unsworn original answer in which he denied generally the allegations of Gulf's petition and further denied "that the proposed uses by the Plaintiff of the property which is the subject of this action are in all things reasonable and necessary for the fulfillment of any purported right that Plaintiff might have, but instead would show unto the Court that such use or proposed use by Plaintiff is arbitrary and unreasonable and would in effect deprive Defendant of the substantial use and enjoyment of his property and would render his property substantially valueless." By way of cross action Rendon alleged in substance that Gulf had unlawfully entered upon his property and damaged same in connection with the establishment of a drilling site or other obnoxious installation and that he was entitled to recover $20,000.00 for actual damages and $40,000.00 for exemplary damages against Gulf as cross-defendant.

The trial court required Gulf to give bond in the amount of $10,000.00 in connection with the orders granting temporary restraining order and temporary injunction.

On this appeal appellant urges three points of error as follows:

## "FIRST POINT OF ERROR

The Trial Court erred in granting a temporary injunction in this cause for the reason that by its said order, and by the temporary restraining order which preceded it, the Trial Court in effect removed Appellant from his prior, peaceable possession of realty and instead gave possession of such realty to Appellee, who had never been in possession; thereby changing the status quo rather than preserving it, and also granting Appellee in substance all of the relief which it sought, which action of the Court infringed upon Appellant's constitutional right to a trial by jury of property rights at a hearing on the merits.

## SECOND POINT OF ERROR

The Trial Court erred in granting the temporary injunction in question for the reason that Appellee failed to demonstrate a probable claim to the property in question, or to the right to possession thereof.

## THIRD POINT OF ERROR

The Trial Court erred in granting the temporary injunction in question for the reason that Appellee failed to demonstrate probable irreparable injury to it if the injunction were not granted, or the inadequacy of any remedy at law."

We have concluded that appellant's points should be overruled and the judgment of the trial court affirmed.

At the hearing on the temporary injunction in the court below the parties stipulated that sixteen exhibits should be admitted into evidence and considered by the trial court for all purposes. In addition appellee offered the testimony of Mr. Floyd White, its employee, who had the title of "Landman". One of the exhibits considered by the trial court was the lease of said five acre tract executed August 11, 1964, filed for record on October 28, 1964 and later as-

signed to appellee. Another exhibit, a deed to Romeo Rendon dated March 11, 1966, contained an express provision as follows: "Subject to Mineral Reservations of record and Oil and Gas Leases of record, if any." Appellee, as lessee under the above mentioned lease, was given the right of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and other minerals, laying pipelines, building roads, power stations, telephone lines and other structures thereon, over and across lands owned or claimed by lessor adjacent thereto to produce, save, take, take care of, treat, transport and own said products on the five acre tract in question. The record further shows that appellee has established a gas unit of 351.81 acres and its geological department has located a drilling site upon appellant's property.

The sworn petition of appellee alleged that appellant refused without just cause to permit the agents of appellee ingress and egress to the property in question for the purpose of building a road and establishing a drill site. Mr. White testified in support of such allegation and further said that the only reason appellant ever gave for refusing entrance was that he wanted a money damage settlement in advance for the anticipated damages to the surface of the five acre tract owned by him. Appellant was not personally present at the hearing on the application for temporary injunction and offered no evidence, except his counsel stipulated to introduction of exhibits tendered by appellee.

▇ We review the order in question under the well settled rule that an appellate court will not set aside an order of the trial court granting or refusing a temporary injunction unless it be established that the trial court abused its discretion in entering the order. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235 (1947); City of Corpus Christi v. Gilley, 379 S.W.2d 84 (Tex.Civ.App. Corpus Christi, 1964, wr. ref., n. r. e.).

▇ It is apparent to us from the present record that the pleadings and evidence present a case of appellee's probable right and probable injury to it. In that situation the trial court is clothed with a broad discretion in determining whether to issue a writ of injunction and such an order will be set aside only on a showing of clear abuse of the discretion. See Texas Foundries v. International Moulders and Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460. There is no abuse of discretion on the part of the trial court in the issuance of a temporary injunction if the petition alleges a cause of action and the evidence adduced tends to sustain it. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. In this case appellee established that it had a right to use so much of the premises and in such a manner as was reasonably necessary to comply with the terms of the lease and effectuate its purpose. See Warren Petroleum Corporation v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352; Phillips Petroleum Co. v. Cargill, 340 S.W.2d 877 (Tex.Civ. App. Amarillo, 1960, n. w. h.); Stanolind Oil & Gas Co. v. Wimberly, 181 S.W.2d 942 (Tex.Civ.App. El Paso, 1944, n. w. h.). This was the last, actual, peaceable, noncontested status which preceded the pending controversy and the status quo to be preserved. Appellant's wrongful and forcible refusal to respect appellant's rights under the lease disturbed that status quo and did not create one which is entitled to protection as against the showing made by appellee here. Transport Company of Texas v. Robertson Transports, Inc., supra, and cases cited therein at 261 S.W.2d 554. The order of the trial court did not remove appellant from possession, but, instead, prohibited him from interfering with appellee's rights under the lease until trial on the merits, at which time all issues between the parties may be fully resolved, including those involved in appellant's cross-action.

The case of Garcia v. Sun Oil Co., 300 S.W.2d 724, 734, 735, 736, (Tex.Civ.App. Beaumont, 1957, wr. ref., n. r. e.) is in

many respects similar to the instant case. The court there held in part as follows:

"* * * Under such an unusual fact situation, it was entirely proper that the trial court protect the evident right to possession which is in the appellee (lessee) by temporary writ of injunction, and at the same time protect any possible right of possession which the appellants may have by requiring a $25,000 bond to be posted by the appellee."

* * * * * *

"To warrant the issuance of a temporary writ of injunction, the applicant need only show a probable right and a probable injury. If the appellants here should prevail on final trial of the suit, they are protected against any inprovident granting of the writ and consequent loss to them by the bond posted by appellee. * * Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ of injunction, and such an order will be reversed only on a showing of clear abuse of discretion."

* * * * * *

"* * * To warrant the issuance of this temporary writ of injunction, the appellee was under the burden only of showing a probable right of title and possession and a probable injury to it unless the writ was granted; it was not required to establish that it will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ. App., 270 S.W. 220; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778; High on Injunction, 4th Edition, Vol. 1, Sec. 5, p. 8; Transport Company of Texas v. Robertson Transports, Inc., supra."

■ Appellant's point number one is overruled.

In connection with the appellant's second and third points of error it appears that at the hearing in the court below appellee offered to prove that it would be irreparably damaged if it should be delayed further in establishing the drill site upon the five acre tract in question. Counsel for appellant made objection to such evidence which was sustained by the trial judge. This action of the trial court becomes immaterial in view of appellee's sworn allegations to the effect that it would be irreparably damaged. Such allegations were not specifically denied by appellant and therefore stand unrebutted. See Nagy v. Bennett, 24 S.W.2d 778 (Tex.Civ.App. Galveston 1930, wr. ref.); Texas Practice, Vol. 6, Remedies, Lowe and Archer, Sec. 337, pp. 344–355. In this situation the probable injury to appellee was sufficiently established.

Appellant's points two and three are overruled.

Judgment of the trial court is affirmed.