**SOUTH ATLANTIC AND GULF COAST DISTRICT OF the INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO, et al., Appellants,**

v.

**PRODUCERS GRAIN CORPORATION, Appellee.**

**No. 442.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 16, 1969.

Keys, Russell, Watson & Seaman, M. W. Meredith, Jr., Underwood, Wilson, Sutton, Heare & Berry, Corpus Christi, Jerome Johnson, Amarillo, for appellee.

## OPINION

GREEN, Chief Justice.

This is an appeal from an order of the 117th District Court of Nueces County, Texas, granting a temporary injunction enjoining appellants, pending final hearing on the merits, from picketing, engaging in carrying on a concerted refusal to work, conducting and carrying on a walkout, and causing by word or deed the breach of the collective bargaining contract in effect between appellants and appellee. The trial court found from the evidence introduced at the hearing that such activities were in violation of the "No Strike Clause" of the bargaining contract between appellee and appellants. Appellee, in its pleadings in which it sought the enforcement of said clause, prayed for a restraining order, a *temporary injunction pending final trial on the merits*, and a permanent injunction.

The plaintiff-appellee Producers Grain Corporation operates a port terminal grain elevator at Corpus Christi, Texas, for the receiving, handling, marketing, storing and exporting of grain. The appellants are Local Union No. 1920, affiliated with South Atlantic and Gulf Coast District of the International Longshoremen's Association, AFL–CIO; Juan Saldana, Jr., Eugene Cruz, Ramon Ramirez, and the officers, agents, servants, employees and members of said local union as a class.

At all times material to this appeal, there was a valid and subsisting collective bargaining agreement between the parties which contained the following provisions:

"ARTICLE XVIII
STRIKES AND LOCKOUTS

"There shall be no strike by the Union or lockout by the Company during the period of this agreement."

Law Offices of William R. Edwards, Vernon I. Lay, Jr., Corpus Christi, for appellants.

The evidence shows that appellant Juan Saldana, Jr., the president of the local union No. 1920, was discharged from his employment by appellee on February 14, 1967. He thereafter filed three separate actions to secure his reinstatement as an employee of appellee. (1) He filed a grievance under the grievance procedure of the collective bargaining contract, but later abandoned same. (2) He filed a charge with the National Labor Relations Board resulting in an order directing reinstatement. Appellee declined to comply with the Board's order so that the order might be reviewed on appeal by the United States Court of Appeals, 5th Circuit. The enforcement action has been filed and the matter is now pending in that court. (3) He also filed a suit in the United States District Court, Southern District of Texas under Title 42, Section 2000e, U.S.C.A. (Civil Rights Act of 1964–Equal Employment Opportunities) alleging that his discharge was unlawful discrimination under that Act. This action was pending in the federal trial court at the date of this injunction hearing.

Notwithstanding that the issue of the legality of Saldana's discharge from his employment was to be determined judicially in these pending cases and that the result of a decision favorable to Saldana would be his reinstatement with restitution for lost wages, he, when appellee again refused to re-employ him, and other members of local No. 1920 established a picket line and continued to picket, peaceably, from 12:00 noon April 29, 1968 until noon or thereabouts on May 1, 1968. At this time a ship at the dock was being loaded by appellee, and another was waiting, but the members of the union refused to cross the picket line, and work on the loading stopped. The trial court's findings on this phase of the case, contained in the judgment, are as follows:

" * * * and the Court is of the further opinion and finds that the Defendants, jointly and severally, were until the issuance and service of Temporary Restraining Order herein conducting picketing, strikes, walkouts, work stoppage and other activities to induce or encourage others to refuse to work or do business with Plaintiff, which acts were injuring and would continue to injure Plaintiff, and are in violation of the collective bargaining agreement between the Plaintiff and the Defendant labor unions, that the Plaintiff has ships at its dock, and enroute to the Port of Corpus Christi, which it is obligated to load with grain, that the acts of Defendants will cause damages under its present commitments and in connection with its business in the future, the exact nature and extent of which cannot be ascertained or compensated in an action for damages, that Plaintiff has no adequate remedy at law and will suffer imminent and irreparable damage unless Defendants are enjoined as hereafter ordered, * * *

 * * * * * *
" * * * and the Court finding and being of the opinion that the parties should remain in status quo until and pending final hearing hereof, that all prerequisites of the law have been complied with and that Plaintiff is entitled to the temporary injunction hereafter granted, * * * "

Appellants by their first point contend that the trial court had no jurisdiction to grant the temporary injunction. We overrule this contention.

Section 301(a) of the Labor Management Relations Act of 1947 (Taft-Hartley) 29 U.S.C. § 185(a) provides:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Appellee was such an industry as came within the purview of this Act.

The United States Supreme Court in Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962) held that under this statute, state courts have jurisdiction of suits involving the violation of collective bargaining contracts between employers and labor organizations. See also Local 174 Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593; Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246.

■ Appellants argue that the above cited Federal Supreme Court cases may apply in damage suits, but would not control in a case where only injunctive relief is sought. They base their argument largely on § 104 of the Norris-LaGuardia Act effective 1932, 29 U.S.C. § 104, which prohibits federal courts from issuing restraining orders or injunctions in any case involving or growing out of a labor dispute prohibiting any person participating or interested in such dispute from "(a) Ceasing or refusing to perform any work or to remain in any relation of employment; * * *." The Norris-LaGuardia Act relates to the jurisdiction of the federal courts only. Order of Railroad Telegraphers v. Chicago & North Western Railway Co., 362 U.S. 330, 80 S.Ct. 761, 4 L.Ed.2d 774; Marine Cooks & Stewards, A.F.L. v. Panama Steamship Co., 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797; Milk Wagon Drivers' Union, etc. v. Lake Valley Farm Products, Inc., 311 U.S. 91, p. 101, 61 S.Ct. 122, at p. 127, 85 L.Ed. 63.

In the case of International Longshoremen's Association, Independent v. Galveston Maritime Association, Inc., Tex.Civ.App., 358 S.W.2d 607, the court had before it a similar question of whether the State District Court of Galveston County, Texas, had jurisdiction to enjoin defendants therein from violating the no strike provisions of a collective bargaining agreement. Practically every question raised by appellants

here as to jurisdiction was raised, considered and decided by the Court of Civil Appeals. The court discussed the U. S. Supreme Court decisions cited above, as well as a number of other authorities, and concluded in favor of the state court's jurisdiction. We refer to such discussion without quoting from same here.

Appellants point out that Judge Coleman in the Galveston Maritime opinion cited and relied in part on the opinion of the Texas Supreme Court in Ex parte George, 163 Tex. 103, 358 S.W.2d 590, and appellants state that since the opinion of the State Supreme Court was reversed per curiam, 371 U.S. 72, 83 S.Ct. 178, 9 L.Ed.2d 133, and on remand 364 S.W.2d 189, the Galveston Maritime opinion is no longer authoritative. We disagree. A careful reading of the opinion discloses that the Court of Civil Appeals decided the issue of jurisdiction on the basis of the federal statutes and decisions, and the fact that the George case was cited does not affect the court's construction and application of the federal statutes and decisions.

The decision of the U. S. Supreme Court in the George case has no application to the facts in the present suit. In George, the picketing was against the primary employer, a wholly owned subsidiary, in connection with a labor dispute between the parent corporation and the National Maritime Union of America AFL-CIO (N.M.U.), the picketing union to which George belonged. The parties were not seeking to enforce or prevent the breach of any provision of a collective bargaining agreement to which the picketing union was a party, and Section 301(a) of the Taft-Hartley Act, supra, was not involved. The U. S. Supreme Court, in holding that the state court had no jurisdiction held that the state court was acting in an area preempted by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. In our case, the trial court found that the union conducted and carried on the picketing and concerted strike activities through its president (Saldana) and other members of the

local union No. 1920 in violation of the "no strike" clause of the contract to which the union and appellee were parties. The decision of the U. S. Supreme Court in Charles Dowd Box Co. v. Courtney, supra, governs. The trial court properly ruled that it had jurisdiction to issue the temporary injunction.

In their second point, appellants take the position that the picketing by Saldana was an activity protected by the First Amendment to the U. S. Constitution protecting freedom of speech. This contention does not take into consideration the trial court's finding, which is not attacked by any point of error, that the defendants, including the local union and the defendant members thereof, jointly and severally participated in the strike activity, and that the temporary injunction was granted to prevent a breach of the contract between the parties.

But if it be considered from Saldana's standpoint that his picketing was a personal matter, we would hold that the trial court did not err in granting the temporary injunction. In Carpenters & Joiners Union of America v. Ritter's Cafe, 315 U.S. 722, 62 S.Ct. 807, 86 L.Ed. 1143, the Court upheld the issuance of an injunction by a state court against peaceful picketing for the purpose of forcing the recognition of a labor union as a bargaining representative for employees who were not working for Ritter's Cafe which was picketed, but for an independent contractor. The case held in effect that the secondary picketing or boycott was an unlawful purpose and that the right of free speech under the First Amendment did not protect the picketers. See also Hughes v. Superior Court of State of California in and for Contra Costa County, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985; International Brotherhood, etc. v. Hanke, 339 U.S. 470, 70 S.Ct. 773, 94 L.Ed. 995; Building Service Employees International Union v. Gazzam, 339 U.S. 532, 70 S.Ct. 784, 94 L.Ed. 1045. These and other decisions seem to establish an unlawful objective test in cases involving picketing and the free speech protection.

The public policy of our federal government favors collective bargaining agreements such as the one which the trial court found to have been violated in this case. In this connection, Section One of the National Labor Relations Act as amended, 29 U.S.C., § 151, contains the following language:

"It is declared to be the policy of the United States to eliminate the causes of certain substantial obstructions to the free flow of commerce and to mitigate and eliminate these obstructions when they have occurred by encouraging the practice and procedure of collective bargaining and by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection."

■ This language and the express provisions of Section 301(a) of the Act, supra, leaving the enforcement of such contracts to the processes of the law, state and federal, leave no doubt in our minds that picketing which has as its object the inducement of a violation of a collective bargaining contract is unlawful and not within the protection of the First Amendment.

■ The second point is overruled.

We have considered the remaining points in appellants' brief, and find them without merit. They are overruled.

■ As stated by this Court, speaking through Justice Sharpe in Rendon v. Gulf Oil Corporation, 414 S.W.2d 510, on page 513:

"We review the order in question under the well settled rule that an appellate court will not set aside an order of the trial court granting or refusing a temporary injunction unless it be established that the trial court abused its discretion in entering the order. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206

S.W.2d 235 (1947); City of Corpus Christi v. Gilley, 379 S.W.2d 84 (Tex. Civ.App., Corpus Christi, 1964, wr. ref. n. r. e.).

It is apparent to us from the present record that the pleadings and evidence present a case of appellee's probable right and probable injury to it. In that situation the trial court is clothed with a broad discretion in determining whether to issue a writ of injunction and such an order will be set aside only on a showing of clear abuse of the discretion. See Texas Foundries v. International Moulders and Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460. There is no abuse of discretion on the part of the trial court in the issuance of a temporary injunction if the petition alleges a cause of action and the evidence adduced tends to sustain it. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. * * *"

See, also Sun Oil Company v. Whitaker, Tex.Sup.Ct., 424 S.W.2d 216, syls. 1–3.

Judgment affirmed.