**Marshall WOMACK, Appellant,**

**v.**

**Juanita WYCHE, Ind. Exec. of the Estate of C. D. Wyche, Appellee.**

**No. 17171.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 12, 1971.

**162**

G. Gordon Whitman, Fort Worth, Brown & Harding, and Clifford W. Brown, Lubbock, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., and Jonathon H. Smith, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

This is an appeal from an order granting a temporary injunction.

Plaintiff/petitioner was Juanita Wyche, Independent Executrix of the Estate of C. D. Wyche. In this case the party may be considered the same as if the action was brought by C. D. Wyche. Defendant/respondent was Marshall Womack. He was temporarily enjoined " * * * from interfering with Plaintiff's operation of the W. T. Waggoner Building of Fort Worth. * * *"

The parties had contractually agreed relative to the right to possession and right to operate the building in question. Pursuant thereto Womack initially obtained the exclusive right to (operate) the building subject to provision for his loss of such right in the event of failure on his part in the performance of conditions subsequent.

In other words the parties contractually established the initial *status quo,* to-wit: Womack's right to (operate) the building.

However, the continuation of that *status quo* was contractually conditioned upon Womack meeting and satisfying future quarterly installment payments upon the parties' note to a third person, or to third persons, secured by mortgages upon the W. T. Waggoner Building. Both parties

would be exposed to loss, even unto a loss of the building which they jointly owned, in the event such payments should not be paid as provided by the note or notes. Relative thereto the making of such payments promptly was "of the essence" of such contract(s).

For that reason the parties contracted with one another relative to a change in the *status quo* as applied to the right to (operate) the building; i. e., what the *status quo* was to be in the event Womack should fail to perform his duties in timely meeting the payments on the note(s) secured by mortgage(s) on the building. Evidence adduced upon trial showed that the reason for the provision was the necessity that plaintiff would, in order to protect both himself and Womack, be required to make the payments in the event Womack failed to do so. Further, that if it became necessary to make the payments plaintiff would necessarily obtain them from a source other than the prospective accumulated funds resultant from the collection of rentals from tenants in the building so long as Womack's entitlement to (operate) the building should persist. During such period it was contemplated that Womack should meet the payments by use of the funds thus accumulated.

A provision under and according to the contract was that seventy-two hours before each installment should be due to be made Womack should furnish plaintiff proof that he could make the payment. A further provision was that if Womack should fail to furnish such proof or be unable to · supply it, and it therefore should become necessary for plaintiff to make any payment or payments (in the protection of the parties' investment), the plaintiff should have the "absolute right of taking the building over and beginning Management and Operation of same."

Of course nothing concerning *"status quo"* was stated in so many words, but as we view the contract the parties effectively contracted upon a contingency which, if it

should arise, would create a new *status quo,* i. e., circumstances by reason of which it would be the plaintiff rather than Womack who would possess the right to (operate) the building. As we view it the exercise of such new right by plaintiff, agreed to by Womack, established a peaceable non-contested *status,* or agreement as to what such should be.

■ Primary problem for the trial court on the hearing of the application for temporary injunction was the necessity to determine the contractual rights of the parties then existent, as the basis for any determination of the *status quo.* Upon the determination of such would the trial court ascertain what should be preserved until the case could be heard on its merits, as for permanent injunction. Rendon v. Gulf Oil Corporation, 414 S.W.2d 510 (Corpus Christi Tex.Civ.App., 1967, writ ref., n. r. e.), and the authorities cited.

■ Resolved upon the hearing was the factual issue of whether Womack had failed to comply with his contractual obligations. If he had so failed, and that was the fact-finding made for purposes of the hearing—and binding only as related to the hearing, it was plaintiff and not Womack who stood before the court as the person who, presumably, was in possession and rightfully operating the building. Further, upon adequate evidence the court properly concluded that probably injury would be suffered by plaintiff in the event his right to temporary injunction should be denied. It was therefore properly granted.

In all necessary respects the requisite factual issues were raised before the court by competent evidence. The findings resolving such issues were not so contrary to the greater weight and preponderance of the evidence as to be clearly wrong and manifest an abuse of discretion in the grant of temporary injunction.

The order of the court was not and could not have constituted an abuse of discretion. It was sufficiently clear and spe-

**164**

cific to satisfy the requirements of law; and it adequately set forth the reasons for its issuance and the action on the part of Womack which would constitute its violation. The order does not accomplish that full relief which ordinarily should only be granted following a trial on the merits as for permanent injunction. Womack is adequately protected by plaintiff's bond.

Most of Womack's points of error have been covered in the foregoing discussion. These and all other points of error have been severally considered and are overruled.

Judgment is affirmed.