**VALMONT INDUSTRIES, INC., et al.,**
**Plaintiffs-Appellees,**

v.

**ENRESCO, INC., a Colorado corporation, and Yuma Manufacturing Company, Inc., a Colorado corporation, Defendants-Appellants.**

No. 548–70.

United States Court of Appeals, Tenth Circuit.

July 8, 1971.

Rehearing Denied Sept. 29, 1971.

Richard W. Hanes, Colorado Springs, Colo. (Charles E. Painter, Colorado Springs, Colo., and James M. Naylor and John K. Uilkema, San Francisco, Cal., on the brief), for appellants.

John E. North, Omaha, Neb. (Michael A. Williams, Denver, Colo., and H. Robert Henderson, Omaha, Neb., on the brief), for appellees.

Before PHILLIPS, HILL and HOLLOWAY, United States Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order denying appellants relief from final judgment under the "newly discovered evidence" part of Rule 60(b) F.R.Civ.P., 28 U.S.C. The trial court denied the motion on three grounds: (1) that the motion was untimely; (2) that the judgment was merged in a compromise agreement which superseded the judgment; and (3) the due diligence requirement of Rule 60(b) was not met.

This is a patent infringement suit involving United States Letters Patent No. 2,604,359 for Self-Propelled Sprinkling Apparatus issued July 22, 1955 to Frank L. Zybach. In the trial court, appellees alleged that a center-pivot irrigation system manufactured and sold by appellants infringed Claims 8, 9, 10 and 13 of the patent. Appellant denied infringement and asserted the affrmative defenses of patent invalidity, file wrapper estoppel and patent misuse. The suit was tried to the court without a jury, and on November 22, 1968, the trial court entered a formal judgment decreeing validity, infringement, entitlement of appellees to damages, and enjoined further infringement. However, not until April 10, 1969, was the damage question decided by the court when it entered a money judgment in favor of appellees.

A notice of appeal was filed, as was a motion for new trial. However, on June 13, 1969, Enresco, Inc. and Valmont Industries, Inc. entered into a written "Settlement Agreement". That agreement provided that all appeals would be dismissed and that Enresco would pay Valmont the sum of $280,000, payable in installments of $60,000 each over a two-year period ending June, 1971. In consideration of the promises by Enresco, Valmont agreed not to levy execution on the appellants or seek to enforce the judgment or injunction against the former unless Enresco defaulted. It was further agreed that Valmont would procure a satisfaction of judgment against both appellants when Enresco fully performed the agreement. The appeal was then dismissed, the motion for new trial was withdrawn, and the parties began performing according to the agreement.

However, in September, 1969, appellants became aware of a German patent which they believed to be anticipatory of the Zybach patent. On the strength of what they considered "newly discovered evidence", appellants filed a Motion for Relief from the Final Judgment under Rule 60(b) on March 23, 1970. Extensive briefs, affidavits and exhibits were filed by both parties, and on July 17, 1970, the trial court heard oral argument on the motion. Thereafter the district court denied the motion on the three aforesaid grounds, and appellants appeal.

At the outset, appellants urge that their motion was timely under the Rule and that the post-judgment settlement agreement does not preclude the requested relief. Even assuming, arguendo, that appellants might prevail on these arguments, we conclude that the trial court properly denied the motion on the ground that the due diligence requirement of Rule 60(b) was not met.

■ Rule 60(b) (2) provides that the court may relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." There is no doubt that the German patent was not known to appellant prior to September, 1969. But to prevail on the motion, the appellants must show that

the failure to discover the new evidence during or preceding trial was not due to their lack of diligence. McCullough Tool Co. v. Well Surveys, Inc., 343 F.2d 381 (10th Cir. 1965); Stilwell v. Travelers Insurance Company, 327 F.2d 931 (5th Cir. 1964); Western Union Telegraph Company v. Dismang, 106 F.2d 362 (10th Cir. 1939).

◼ In upholding the decision of the trial court, we are guided by the well established principle that a Rule 60(b) motion is addressed to the sound discretion of the trial court, and granting or denial of such a motion will not be disturbed on appeal except for a manifest abuse of discretion. Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964); Western Union Telegraph Company v. Dismang, supra; 7 Moore's Federal Practice (2d Ed.) ¶ 60.19 and cases cited therein. The trial court found that a diligent patent search would have included foreign patents; that it would not have imposed an excessive burden; and that a diligent search prior to trial would have disclosed the German patent.

From oral argument, but more particularly from affidavits submitted by the parties, it appeared that an unsuccessful pretrial search was conducted by appellants' attorneys in the very classification where the German patent was ultimately found. An affidavit submitted by one of appellees' patent attorneys reflects that the German patent was located in the United States Patent Office at two places. First it was found in Class 239, Foreign Sub-class 177, the source unsuccessfully searched by appellants. Affiant further stated that the "Patent Office Index of Classification of the German Federal Republic, revised in 1951" shows that the United States Patent Office received notice of the subject German patent prior to the time of appellants' search of Class 239, Foreign Sub-class 177. It was further stated that a second source, the German-English Classification Index, contains an abridged classification entitled "Irrigation Systems" and that under the appropriate class and group number, the German patent was also located there. Appellants wholly failed to search this source of foreign patents.

◼ If an ordinary search of the Patent Office would have disclosed the patents upon which an appellant relies, the trial court may deny a Rule 60(b) (2) motion on the ground that due diligence was not exercised. *See* Jamco, Inc. v. Carlson, 274 F.2d 338 (10th Cir. 1959). On the foregoing evidence, the district court found that a diligent search prior to trial would have uncovered the German patent. The mitigating factors submitted by appellants are not devoid of merit, but on the evidence recited above, we cannot conclude that denial of the motion was a manifest abuse of discretion. Because of the decision reached herein, the other two grounds upon which the trial court denied the Rule 60(b) motion need not be considered.

Affirmed.