TEAMSTERS LOCAL #783, etc., et al.,
Appellants,

v.

NATIONAL LINEN SERVICE #63, etc.,
Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Herbert L. Segal, John Frith Stewart, Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, for appellants.

Wells T. Lovett, Lovett, Kusch & Wible, Owensboro, for appellee.

CULLEN, Commissioner.

Teamsters Local No. 783 and various officers and members of that union appeal from a judgment of the Daviess Circuit Court which quashed an injunction bond given by appellee National Linen Service No. 63 in an action brought by the latter against the appellants, and which dissolved the restraining order for which the bond was given, and dismissed the action with prejudice. The judgment was entered on motion of the appellee. Prior thereto the appellants had moved that the restraining order be dissolved and the action dismissed; reserving, however, the question of "proceeding against the bond" for costs, attorneys' fees and other appropriate relief.

The appellants maintain that the record shows conclusively that the circuit court had no jurisdiction to entertain the action, wherefore the restraining order was wrongfully issued, and the appellants were entitled, under CR 65.05, to enforce liability on the bond by motion in the original action. The appellee argues that the circuit court did have jurisdiction of the action, or at least had jurisdiction to issue a valid restraining order pending resolution of the question of ultimate jurisdiction; and that in any event the action properly was dismissed as moot.

National Linen Service No. 63 is the Owensboro, Kentucky, branch of National Service Industries, which also has two branches in Louisville and one in Lexington. Teamsters Local No. *783* represents the employes of the two Louisville plants. Teamsters Local No. *215* represents the employes of the Owensboro plant, under a separate collective bargaining agreement.

Early in October 1970 Local No. 783 commenced a strike at the two Louisville plants, and on October 14, 1970, members of that local began picketing at the Owensboro plant, to further the interests of their Louisville strike. On the same day National Linen Service No. 63 filed an unfair-labor-practice charge with the NLRB, against Local No. 783 (which charge subsequently was withdrawn), and instituted the action here in question, in the Daviess Circuit Court, against Local No. 783 and various of its officers and members. Immediately upon the filing of the action and the giving of bond, an ex parte restraining order was issued against the defendants in the action.

On October 21 the defendants gave notice that they would move that the restraining order be dissolved and the complaint be dismissed, and on October 30 they filed a motion asking for such relief but

that the question of recovery on the injunction bond be reserved. No ruling was made by the court on the motion. Subsequently, on November 20, the plaintiff moved to dismiss the action with prejudice, dissolve the restraining order and quash the injunction bond. In that motion it was stated that the strike in Louisville had ended on October 27. Ultimately, on December 18, the circuit court entered the judgment here on appeal, which granted the relief sought by the plaintiff's motion of November 20. In the judgment the court recited that "the case is now moot, and * * * the Court had jurisdiction to issue a Restraining Order, and to maintain the status quo, pending its resolution of the question of its jurisdiction."

The appellants maintain that their picketing activity was arguably a violation of section 8 of the National Labor Relations Act and therefore the state circuit court was without jurisdiction in the matter, under Garner v. Teamsters Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; Local No. 438, Construction & General Laborers' Union, AFL–CIO v. Curry, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed.2d 514; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546; International Longshoremen's Local 1416 v. Ariadne Shipping Co., 397 U.S. 195, 90 S.Ct. 872, 25 L.Ed.2d 218; and National Electric Service Corporation v. District 50, United Mine Workers of America, Ky., 279 S.W.2d 808.

■ The appellee claims that this case falls within exceptions to the exclusive original jurisdiction of the NLRB. The first claimed exception, recognized in Armco Steel Corporation v. Perkins, Ky., 411 S.W.2d 935, is of cases of violation of no-strike provisions of collective bargaining contracts. The appellee points out that its collective bargaining contract with Local No. 215 contained a no-strike clause, and appellee argues that the activity of the appellants violated that clause, so as to bring the case within the exception. The argument is not valid, however, because the appellants were not members of Local No. 215 and were not parties to any collective bargaining contract with the appellee.

■ The appellee claims that there is another exception, of cases in which employes belonging to one union engage in picketing of facilities of their employer which tends to induce a breach of contract by employes belonging to another union. The only recognition of this claimed exception was by an inferior Ohio court in The Standard Oil Company v. Oil Chemical & Atomic Workers International Union AFL–CIO, Ohio Com.Pl., 144 N.E.2d 517. We question the soundness of the claimed exception, because it appears to treat the honoring of one union's picket line, by employes of another union, as being a violation of a no-strike agreement in the latters' contract. If this were so, any picketing of a plant, any of the employes of which were working under a collective bargaining contract having a no-strike clause, would be enjoinable by a state court. Such a proposition is not compatible with the Supreme Court decisions hereinbefore cited, and it appears to have been expressly rejected in Ex parte George, 371 U.S. 72, 83 S.Ct. 178, 9 L.Ed.2d 133.

The appellee does not maintain that the activity by the appellants was not arguably in violation of the National Labor Relations Act. Its contention is that the state court had jurisdiction regardless of the fact of such violation. Thus the appellee does not claim the application of our holdings that "stranger" picketing can be enjoined by a state court where such picketing does not constitute an unfair labor practice under the National Labor Relations Act. See National Electric Service Corp. v. Dist. 50, etc., Ky., 279 S.W.2d 808; Marine Officers Ass'n, Local Union No. 54 v. Ohio River Sand Company, Ky., 467 S.W.2d 758.

■ It is our conclusion that the controversy defined by the pleadings in the instant case was one within the exclusive initial jurisdiction of the NLRB, and the Daviess Circuit Court had no jurisdiction of the action. While that fact of no jurisdiction was not expressly adjudicated by the circuit court, it was asserted by the appellants as the ground for dismissal in their motion to dismiss; the appellee made no showing of any valid basis of jurisdiction; and the recitation in the judgment that the court had jurisdiction to maintain the status quo pending resolution of the question of its jurisdiction was a tacit disclaimer of ultimate jurisdiction.

■ The appellee contends, however, that as stated in the judgment recitation just referred to, the circuit court had jurisdiction to issue a restraining order to maintain the status quo pending the court's resolution of the question of its ultimate jurisdiction. Cited in support of that contention is United States v. United Mine Workers of America, 330 U.S. 258, 67 S. Ct. 677, 91 L.Ed. 884. That case is authority for the proposition that if a court, in a case where its jurisdiction is in doubt, issues a temporary injunction pending its determination of the question of its jurisdiction, and subsequently determines that it does not have jurisdiction, the injunction will be considered to have been valid to the extent that *violations* of it may be punished as contempts. It does not follow, however, that the injunction will be considered valid to the extent that parties who *complied* with it cannot recover costs, attorneys' fees and damages arising from its issuance. The whole concept of an injunction bond, particularly in the case of an ex parte restraining order, is that the order is issued on peril of a subsequent determination that injunctive relief is not properly grantable. The party who obtains the order takes the chance of the validity of a grant of injunctive relief.

■ The appellee suggests that the case became moot when the strike at the Louis-ville plants terminated and the occasion for picketing at the Owensboro plant thus ceased, around October 27, and that no further judicial controversy exists. This suggestion is wholly without merit. There is a genuine judicial controversy as to the right of the appellants to recover costs, attorneys' fees and damages for the period during which the strike at the Louisville plant was in effect and the appellants were enjoined by the restraining order from continuing the picketing which they had commenced at the Owensboro plant.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.