**Kayla YOUNG, a Minor, By and Through her parents and next friends, Charlotte YOUNG and Carl Young, Plaintiff-Appellant,**

**v.**

**Stephen CARPENTER, M.D., Defendant-Appellee.**

**No. 86CA0014.**

Colorado Court of Appeals, Div. I.

Feb. 18, 1988.

Rehearing Denied March 17, 1988.

Certiorari Granted (Young) June 20, 1988.

McDermott, Hansen, Anderson & Reilly, William J. Hansen, Denver, for plaintiff-appellant.

Pryor, Carney & Johnson, Susan T. Smith, Englewood, for defendant-appellee.

METZGER, Judge.

The plaintiff, Kayla Young, by and through her parents, Charlotte and Carl Young, appeals the summary judgment entered in favor of Dr. Stephen Carpenter, defendant. We reverse and remand.

This medical malpractice action arose as a result of injuries plaintiff sustained at birth. In August 1979, Charlotte Young entered St. Joseph Hospital to give birth to plaintiff. Complications arose which caused the attending physician, Dr. Forrest Keeler, to attempt a traction maneuver to aid the delivery process. When his attempt proved unsuccessful, defendant, the supervising physician, assumed control and performed the traction maneuver again. This attempt succeeded in permitting delivery to be completed; however, it soon became apparent that plaintiff had suffered an injury to the spinal nerves of her arm, forearm, and hand.

Plaintiff instituted this action, alleging that the injury was caused by improper and excessive traction on her neck and head during birth, and named St. Joseph Hospital, Kaiser Permanente Medical Group, Dr. Keeler, Dr. Carpenter, and Dr. James Pfeiff, the physician who provided prenatal care, as defendants. The complaint asserted that the direct negligence of either Dr. Keeler or defendant caused plaintiff's injury and, if Dr. Keeler were found negligent, defendant was vicariously liable under the theory of *respondeat superior.*

Shortly before trial, Dr. Keeler moved for summary judgment based on plaintiff's inability to secure expert testimony concerning the issues of sub-standard care and Dr. Keeler's negligence. Over plaintiff's objection, the trial court granted summary judgment in favor of Dr. Keeler; the case against the other defendants, including Dr. Carpenter, was to proceed to trial.

Shortly thereafter, a settlement was reached among all parties except Dr. Carpenter. It provided that, in return for the defendants' payment of $115,000, all claims, except those against Dr. Carpenter, would be dismissed with prejudice and the summary judgment in favor of Dr. Keeler would not be appealed. This settlement was approved by the probate court, on behalf of plaintiff, and the trial court entered a dismissal of the cause with prejudice, based on the stipulation of the parties.

In the interim, the claims against Dr. Carpenter proceeded to trial. Plaintiff tendered a "Captain of the Ship" jury instruction on vicarious liability, but the trial court refused to give it, thus leaving the jury to decide only the issue of Dr. Carpenter's direct negligence. The jury found in favor of Dr. Carpenter.

Plaintiff appealed the trial court's refusal to give the vicarious liability instruction and, in *Young v. Carpenter,* 694 P.2d 861 (Colo.App.1984), we held that the trial court had committed reversible error by refusing the tendered instruction. We declined to address Dr. Carpenter's contentions concerning collateral estoppel, *res judicata,* waiver and estoppel, release, settlement, and accord and satisfaction because he had failed to present these defenses to the trial

court. The case was remanded for retrial on the issue of vicarious liability only.

On remand, Dr. Carpenter successfully moved to amend his answer to assert the defenses he had raised on appeal. Both parties thereafter moved for summary judgment. The trial court granted Dr. Carpenter's motion and this appeal followed.

Plaintiff argues that the summary judgment entered in favor of Dr. Keeler was not final for the purposes of *res judicata* and collateral estoppel. Rather, she contends, it was merged in and superseded by the settlement agreement; accordingly, the terms of the settlement agreement, which specifically reserved all claims against Dr. Carpenter, must control. We agree.

■ A judgment is accorded preclusive effect only when it becomes final. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973); *Clark v. Willis*, 149 Colo. 225, 368 P.2d 968 (1962). If a summary judgment, which exonerates an employee of negligence, is not appealed, it acts as a dismissal on the merits, and it thereafter precludes an action against the employer based upon vicarious liability. *Flournoy v. Sayles*, 37 Colo.App. 67, 544 P.2d 649 (1975).

In a situation such as the one here, in which a party brings suit asserting multiple claims or when multiple parties are involved, the court may direct a final judgment in favor of one or more, but fewer than all, of the claims or parties, if it determines there is no just reason for delay. C.R.C.P. 54(b). However, in the absence of such a determination and an express direction that a final judgment be entered, the decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." C.R.C.P. 54(b); *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981).

■ Here, the trial court granted summary judgment in favor of Dr. Keeler only. That judgment did not resolve the claims against the remaining defendants. Moreover, the court did not certify that judg-

ment as final and appealable under C.R. C.P. 54(b). Thus, the summary judgment in Dr. Keeler's favor was not final, and it could not be given preclusive effect in the litigation against Dr. Carpenter.

Dr. Carpenter argues that the summary judgment in favor of Dr. Keeler must, nonetheless, be treated as a final judgment and given preclusive effect because plaintiff surrendered her appellate rights as to that judgment in reaching settlement with the other defendants. We do not agree.

■ When a judgment is made part of a settlement agreement, it is merged in and superseded by the settlement agreement. *Eagle Oil Co. v. Sinclair Prarie Oil Co.*, 105 F.2d 710 (10th Cir.1939). The judgment is thereafter extinguished, and the terms of the settlement agreement must be given effect. *Valmont Industries, Inc. v. Yuma Manufacturing Co.*, 50 F.R.D. 408 (D.Colo.1970), *aff'd sub nom.*, *Valmont Industries, Inc. v. Enresco, Inc.*, 446 F.2d 1193 (10th Cir.1971); *see also Riordan v. Ferguson*, 147 F.2d 983 (2d Cir.1945).

■ Here, the settlement agreement expressly reserved all claims against Dr. Carpenter, who was not a party to the agreement. The probate court recognized this reservation in approving the agreement on plaintiff's behalf. The trial court also based its order dismissing the parties to the agreement upon this express reservation. Accordingly, the trial court's later order granting summary judgment in favor of Dr. Carpenter contravened the intent of the parties as expressed in the settlement agreement, and thus, it constitutes reversible error. *See Farmers Elevator Co. v. Morgan*, 172 Colo. 545, 474 P.2d 617 (1970); *Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969).

■ Dr. Carpenter's remaining contentions are without merit. He was not a party to the settlement agreement and gave no consideration to support a release, settlement, or accord and satisfaction. *See Perlmutter v. Blessing*, 706 P.2d 772 (Colo. 1985); *Summey v. Lacey*, 42 Colo.App. 1, 588 P.2d 892 (1978). Similarly, his defens-

es of waiver and estoppel have no basis in fact or law.

The summary judgment entered in favor of Dr. Carpenter is reversed and the cause is remanded for trial.

PIERCE and CRISWELL, JJ., concur.