**In the Matter of Mastin James ROTH, Respondent,**

**and**

**William J. Roth, Appellant.**

**No. 41615.**

Missouri Court of Appeals, Eastern District, Division Three.

July 22, 1980.

Herbert A. Kasten, Jr., Thomas L. Hoeh, Ste. Genevieve, for appellant.

Terry R. Rottler, Ste. Genevieve, for respondent.

CRIST, Judge.

Proceeding to establish the incompetency of respondent as that standard is defined in § 475.010(3), RSMo. 1978. Appellant sought a determination that respondent was incompetent and, further, sought appointment as respondent's guardian. The trial court found in favor of respondent, adjudging him competent, and appellant appeals this adverse decision. We affirm.

Appellant's sole point on appeal is deficient, to-wit:

THE TRIAL COURT ERRED IN THAT ITS FINDINGS THAT MASTIN JAMES ROTH WAS CAPABLE OF MANAGING HIS PROPERTY AND WAS NOT INCOMPETENT AS DEFINED IN SECTION 475.010(3), RSMO. WERE AGAINST THE WEIGHT OF THE EVIDENCE.

 Appellant's point relied on is insufficient in that it fails to allege *wherein and why* the trial court's adjudication was against the weight of the evidence. The argument portion of his brief is no more illustrative than his point relied on. Under the standard elucidated by the Missouri Supreme Court in *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978), appellant has failed to preserve his point for appellate review. Rule 84.04(d).

However, we have gratuitously reviewed the transcript, exhibits and briefs, and have independently determined that there existed substantial evidence supportive of the trial court's findings and order. There was ample medical and lay testimony upon which the trial court could predicate its decision. See *Matter of Armstrong*, 573 S.W.2d 141, 144 (Mo.App. 1978). Credibility, or lack thereof, of an individual witness or witnesses, is a matter peculiarly within the discretion of the trial court. Rule 73.01; *Roth v. Roth*, 571 S.W.2d 659, 665 (Mo.App. 1978).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.