STATE ex rel. RETAIL STORE
EMPLOYEES UNION LOCAL
NO. 655 et al., Relators,

v.

Hon. Gary R. BLACK, Sr., Circuit Judge,
and Hon. Curt M. Vogel, Associate
Circuit Judge, Respondents.

No. 41813.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 29, 1980.

Diekemper, Hammond & Shinners, Jerome A. Diekemper, Richard Shinners, Clayton, for relators.

McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, William W. Cody, St. Louis, James R. McHaney, Cape Girardeau, for respondents.

GUNN, Presiding Judge.

This prohibition proceeding was initiated by the relators, members and representatives of the Retail Store Employees Union, seeking relief against the ruling of the respondent judges of the Circuit Court of Perry County, Missouri. A writ of prohibition is sought to prevent enforcement of a temporary restraining order issued by the respondents during a labor dispute involving relators. The relator Union contends that the circuit court was wholly without jurisdiction to order an injunction. Our preliminary writ was issued. We now quash the writ as improvidently granted to the extent that it prohibits enforcement of specific injunctive relief that the circuit court had jurisdiction to order. The cause is remanded to the circuit court for further proceedings.

Relator Union is the exclusive bargaining agent for the employees of the Price & Kelly Big Star Store, which is one of about twenty-four retail stores located in Perry Plaza Shopping Center, Perryville, Missouri. During negotiations for a new collective bargaining agreement, the Union initiated an economic strike and commenced picketing on the sidewalk directly in front of the Big Star store. The Union contends that the picketing was peaceful and did not block ingress to and egress from the store. Big Star asserts that the pickets did in fact obstruct the access of customers, non-striking employees and deliverymen and hindered business activities within the canopied sidewalk area used as a selling and storage area. On May 11, 1979, agents and representatives of Big Star, in the presence of the county sheriff, threatened the pickets with arrest if they did not move the picket line off the premises of Big Star and Perry Plaza. The public property nearest to Big Star is a shopping center entrance about twenty-five feet from the sidewalk, and the picket line was moved to this location.

On May 14, the Union filed charges with the National Labor Relations Board (NLRB) against Big Star and Perry Plaza alleging violations of the National Labor Relations Act (NLRA).[1] A complaint was issued by the Regional Director of NLRB and a hearing was held on July 24 and 25, 1979. Meanwhile, on June 26, 1979, picketing resumed on the sidewalk in front of Big Star. Over the next few days, the picketers were repeatedly requested to leave the premises, but they declined to depart. On June 29, 1979, Big Star and Perry Plaza filed a petition for temporary restraining order and injunction in the Perry County Circuit Court. The petition, accompanied by an affidavit from the owners of Big Star, alleged that the picketing was obstructing access to the store. It requested that the court enjoin all picketing on the private property of Big Star and Perry Plaza including the sidewalk area in front of Big Star. An order to show cause and restraining order prohibiting picketing on Plaza property was issued and the petitioners were required to post a $2,000 bond. Hearing was set for July 18, 1979.

On July 5, 1979, the Union retaliated by filing a petition for writ of prohibition with this court to prevent the circuit court from enforcing its order. We responded by granting a preliminary writ. During oral argument the parties disclosed that the Union had discontinued its strike, the employees had returned to work and that picketing had ceased. The NLRB had not yet issued its decision on the charges lodged by the Union.

Three fundamental issues are raised in this dispute: (1) whether the National La-

---

1. 29 U.S.C., § 151 et seq.

bor Relations Act divests state courts of jurisdiction to enjoin picketing which obstructs access to an employer's premises; (2) if the Act does not preempt jurisdiction, whether the initiation of an action with the National Labor Relations Board precludes state court jurisdiction over the questioned picketing; (3) whether a state court's injunction is overbroad if it prohibits all picketing upon the employer's private property.

United States Supreme Court decisional exposition on the subject fills the legal cornucopia to overflowing. The decisions establish the general principle that the NLRB has exclusive jurisdiction over activities which are either arguably protected by section 7 of the NLRA [2] or arguably prohibited by section 8 [3] of that Act. *E. g., San Diego Building Trades Council Local 2020 v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *Weber v. Anheuser-Busch, Inc.*, 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955); *accord State ex rel. Girard v. Percich*, 557 S.W.2d 25, 39 (Mo.App.1977). But the Supreme Court has acknowledged exceptions to the general pre-emption rule and permitted local courts and agencies to adjudicate matters of particular local interest. *See, e. g., Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (trespass); *Farmer v. United Brotherhood of Carpenters Local 25*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (infliction of emotional distress); *Linn v. United Plant Guard Workers Local 114*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (defamation of character and libel); *United Auto Workers v. Wisconsin Employment Relations Board*, 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162 (1956) (violence on picket line). State courts and agencies have been recognized as retaining the power to exercise jurisdiction over private actions to enjoin obstructions to access. *Youngdahl v. Rainfair, Inc.*, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957); *United Auto Workers v. Wisconsin Employment Relations Board*, 351 U.S. at 272, 76 S.Ct. at

798. Following *Youngdahl* and *United Auto Workers* the Supreme Court explained that the preemption issue must be considered in two parts: activities arguably protected by the NLRA and activities arguably prohibited by that Act. *San Diego Building Trades Council Local 2020 v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. Subsequent cases clarify that the preemption question as to each category turns primarily on whether preemption is necessary to avoid conflicting adjudications which would interfere with the regulatory activity of the NLRB. *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. at 197, 98 S.Ct. at 1753; *Farmers v. United Brotherhood of Carpenters Local 25*, 430 U.S. at 305, 97 S.Ct. at 1066; *Amalgamated Association of Motor Coach Employees v. Lockridge*, 403 U.S. 274, 285, 91 S.Ct. 1909, 1917, 29 L.Ed.2d 473 (1971).

In our view, this case involving alleged obstruction of access to the employer's premises does not present a significant danger of conflicting adjudications. Thus, the jurisdiction of the state courts should not be preempted. In this regard we follow the reasoning expressed in *Kaplan's Fruit & Produce Co. v. Superior Court of Los Angeles County*, 26 Cal.3d 60, 603 P.2d 1341, 160 Cal.Rptr. 745 (1979). The analysis proceeds in two parts, first considering the doctrine of preemption as it relates to arguably protected activities, then considering the doctrine as it relates to arguably prohibited activities.

■ When dealing with arguably protected activity the doctrine of preemption does not apply to the case before us. Obstruction of access is not protected by the NLRA; a court injunction barring such acts, so long as it does not bar legitimate union conduct, invades no right of the union under the Act. The Union contends that "there has been no assertion in this case that the picketing of plaintiffs is in itself unlawful" and that picketing on the sidewalk directly in front of Big Star "is clearly

---

**2.** 29 U.S.C. § 157.

**3.** 29 U.S.C. § 158.

**680**

protected, or may fairly be assumed to be protected, by section 7" of the NLRA. We find it clear, however, that Big Star has sufficiently placed in issue the question of obstruction and interference with access to its premises. In an affidavit in support of their petition for temporary restraining order and injunction, the owners of Big Star stated that the pickets had placed themselves "in front of the entrance-way . . and have attempted to prevent or interfere with customers of Price & Kelly Big Star and employees and servicemen" attempting to use the sidewalk and entrance-way; further, that "their customers have been denied an unimpeded access to" the store. Thus, the circuit court had before it more than the bare question of whether peaceful picketing was to be permitted on private property as opposed to limiting it to publicly owned areas. Additionally, the Union's assertion that there has been no violence or blocking of ingress and egress to Big Star's store has been formally denied by Big Star thereby stressing its claim of improper activity.

 It appears that there is a factual dispute as to whether the picketers were actually obstructing access to the store. Although it may be true that if there was in fact no obstruction of access the picketing might be safeguarded by the NLRA, it does not follow that the case therefore "arguably" involves protected activity. An injunction to prohibit obstruction of access—an unprotected activity—does not preclude the picketers from engaging in other protected activity and does not require the exercise of NLRB expertise. As explained in *Kaplan*, an obstruction of access case:

> The possibility that the Union is innocent of the charged conduct may be grounds for denying injunctive relief, but it does not invoke the preemptive jurisdiction of the board. Indeed, whenever any accusation is brought against a union, the charge may be groundless—the union may have engaged only in protected conduct—but to rest preemptive jurisdiction on that possibility would project the board's preemptive jurisdiction into all

cases of charges against a union, rendering the arguably prohibited branch of the preemption doctrine superfluous.

*Kaplan's Fruit & Produce Co. v. Superior Court of Los Angeles County*, 603 P.2d at 1347. It is reasonable to conclude that if a state court's injunction does not enjoin conduct which is arguably protected by the NLRA, it does not necessarily invade the NLRB's preemptive jurisdiction to adjudicate controversies concerning arguably protected activity.

 Preemption of state court jurisdiction when dealing with arguably *prohibited* conduct has greater relevance to the case *sub judice*, because obstruction to access under some circumstances may be an unfair labor practice under NLRA section 8. In such a situation, the preemption question hinges on:

> [W]hether the controversy presented to the state court is identical to . . . or different from . . . that which could have been . . . presented to the Labor Board. For it is only in the former situation that a state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the *Garmon* doctrine was designed to avoid.

*Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. at 197, 98 S.Ct. at 1578. The interpretation of the NLRA has been that the issue which may be presented to the NLRB in an obstruction of access case is narrower than the issue that may be presented to the state court.

 Obstruction to access may involve interference with nonstriking employees or with potential customers, or both employees and customers. The NLRA, however, provides that obstruction to access during a primary strike may be an unfair labor practice only if it involves coercion of employees under section 8(b)(1)(A). 29 U.S.C. § 158(b)(1)(A) (1974). Under the Act, the obstruction of potential customers constitutes an unfair labor practice only when it is a result of secondary picketing, not a

primary picket line as is involved here. 29 U.S.C. § 159(b)(4) (1974). *See NLRB v. International Rice Milling Co.*, 341 U.S. 665, 71 S.Ct. 278, 95 L.Ed. 653 (1951). Thus, an employer request to the NLRB to enjoin unfair labor practices would not provide the employer with full and proper relief where obstruction of customer access is involved— and for a retail store employer this may be the most crucial relief needed and a significant matter for local concern.

■ Obstruction of customer access is not an unfair labor practice. It is not an arguably prohibited activity; neither, as noted, is it arguably protected. Hence, state court action controlling that form of union activity does not present a substantial danger of interference with NLRB adjudications. We therefore hold that the NLRA does not divest the courts of this state of jurisdiction to enjoin obstructions to access. *See Kaplan's Fruit & Produce Co. v. Superior Court of Los Angeles County*, 603 P.2d at 1351.

■ The fact that the Union commenced an action before the NLRB prior to the Big Star petition to the circuit court for an injunction does not affect this conclusion. Previous labor disputes have involved contemporaneous proceedings before the NLRB and state courts. In *Linn v. United Plant Guard Workers Local 114*, 383 U.S. at 56–57, 86 S.Ct. at 657, the state court decided a libel case while final action by the NLRB was pending. *Cf. May Department Stores Co. v. Teamsters Union Local 743*, 64 Ill.2d 153, 355 N.E.2d 7 (1976) (prior to the injunction hearing in state court, union filed unfair labor practice charge with NLRB); *Hood v. Stafford*, 213 Tenn. 864, 378 S.W.2d 766 (1964) (NLRB dismissed unfair labor practice charge while case was pending in state appellate courts). Inasmuch as we have explained that an obstruction of access case does not threaten significant interference with the NLRB's focus of inquiry and may entitle the employer to relief that the NLRB cannot provide, we cannot consider the concurrent proceedings to be dissonant with one another.

■ The Union's final point is if the circuit court was not preempted from jurisdiction, its injunctive order was at least overly broad. There is merit to this contention. The circuit court ordered that defendants be enjoined and restrained from:

(a) Picketing on the private property of Plaintiffs including the shopping center walkway and parking lot known as Perry Plaza, Inc., located at Perryville, Missouri.

(b) From refusing to leave the private property of Plaintiffs' (sic) including the shopping center walkway and parking lot known as Perry Plaza, Inc., located at Perryville, Missouri, when ordered by the owner of such premises, or by an authorized person, not to remain on said private property.

In some circumstances it is appropriate to permit picketing on the employer's private property, particularly when a large shopping center is involved. *Amalgamated Food Employees Local 590 v. Logan Valley Plaza, Inc.*, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968). *See NLRB v. Babcock & Wilcox Co.*, 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975 (1956). Additionally, the determination of whether the exigencies of the situation command that picketing be permitted on the employer's private property must be made by the NLRB in the first instance. *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976). This apparently is the issue that the Union has presented to the NLRB and which still awaits final decision. It is clear that a decision of this scope is to be made only by the NLRB and that state court jurisdiction is preempted in that regard. While we find that the circuit court had jurisdiction to enjoin obstructions to access, the court exceeded its jurisdiction by issuing an injunction which goes beyond merely enjoining that activity. We concede that the NLRB may decide that this dispute does not involve the requisite factors to permit the Union to picket on private property, which would mean that the Union's rights would not be infringed by the circuit court's injunction. But enforcement of that decision would still remain within the realm of the

NLRB via federal district court injunction—not the state courts. Hence, the circuit court's injunction in this particular case can only be considered valid to the extent that it enjoins activity which obstructs access to the Big Star store.[4] *See Angle v. Owsley,* 332 S.W.2d 457 (Mo.App.1959); *cf. Youngdahl v. Rainfair, Inc.,* 355 U.S. at 139–40, 78 S.Ct. at 211–212 (struck down an Arkansas injunction against both violence and picketing, limiting it to violence alone).

██ Under Rule 97.05 we may direct the trial court to take such future action as may be necessary to meet the demands of equity and justice without being completely circumscribed by the scope of the petition. *State ex rel. Lodwick v. Coffey,* 497 S.W.2d 873, 882 (Mo.App.1973). Insofar as the injunction of the circuit court prohibits picketing which obstructs free access to the premises of Perry Plaza and Big Star it is affirmed and we quash our writ of prohibition as improvidently granted to the extent it prohibits enforcement of the proscribed activity. But the injunction is valid only insofar as it restrains obstruction of access. Enjoining all peaceful picketing within the property boundaries of Perry Plaza was beyond the court's jurisdiction. The cause is therefore remanded to the circuit court for further proceedings and, if necessary, an amendment to its order as appropriate under the circumstances to comport with this opinion.

Preliminary writ of prohibition quashed and cause remanded.

STEPHAN and PUDLOWSKI, JJ., and LACKLAND H. BLOOM, Special Judge, concur.

---

**4.** Should picketing be reestablished and violence erupt, or other incidents occur where state courts have jurisdiction to act, the circuit court can certainly exert its authority. *See, e. g., State ex rel. Girard v. Percich,* 557 S.W.2d at 39.