RYDER, Judge.
Florida Gulf Coast Building Trades Council (hereinafter referred to as Council), appeals an order enjoining it from handbilling activity on the premises owned by the Edward J. DeBartolo Corporation (hereinafter referred to as DeBartolo) and Belk-Lindsey of Tampa, Inc. (hereinafter referred to as Belk-Lindsey). We reverse.
DeBartolo filed a complaint for injunc-tive relief on December 16,1979. The complaint alleges that DeBartolo owns and manages a retail shopping mall containing more than eighty tenants, and that persons acting on behalf of the Council came upon the property to distribute handbills at entrances to the mall. The handbills request consumers not to shop at mall stores because of the mall ownership’s contribution to substandard wages and conditions of employment in the construction of a Wilson’s department store by H. J. High Construction Company. The complaint alleged further that DeBartolo leased property to Wilson’s, who were constructing their own store, and that DeBartolo had no control over the manner of construction. The complaint characterized the handbilling activity as trespass, and sought an order temporarily and permanently enjoining the trespasso-ry conduct.
Appellants moved to dismiss the complaint, alleging that the handbilling activity was protected by Section 7 of the National Labor Relations Act (hereinafter referred to as NLRA) and by Section 8(b)(4) of the Act. The motion also recited that both parties filed unfair labor practice charges with the National Labor Relations Board (hereinafter referred to as NLRB) based upon the handbilling activity. Following an evidentiary hearing, the circuit court entered an order granting the request for injunctive relief. The circuit court rejected the contention that the matter was within the jurisdiction of the NLRB, and found that it possessed subject matter jurisdiction. The court noted in a subsequent order that the motion for summary judgment had been denied.
Following the entry of the injunction, the handbilling activity on behalf of the Council took place upon property owned by Belk-Lindsey. Belk-Lindsey requested leave to intervene, was granted that status, and filed a complaint seeking temporary injunc-tive relief. The court entered an order temporarily restraining the handbilling activity from taking place upon Belk’s property. The dispute with DeBartolo apparently occurred during a week-end and the Council filed an unfair labor practice charge the following Monday. The subsequent charge filed by DeBartolo was prosecuted by the NLRB’s regional director, precluding prosecution of the Council’s charge, because the handbill referred to tenants of the mall, not DeBartolo, and thus entangled neutrals in the underlying dispute.
The Council’s conduct below was in violation of state trespass laws. The question is whether enforcement of that state law is preempted by the exclusive federal competence of the NLRB. When an activity is arguably subject to Section 7 or Section 8 of the NLRA, the states as well as federal courts must defer to the NLRB. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Below, the parties conceded that the conduct was both arguably protected and arguably prohibited. The handbill-ing was arguably prohibited since directed at DeBartolo, a neutral to the dispute with Wilson’s contractor. The handbilling was arguably protected activity under 29 U.S.C. § 8(b)(4) (1970), as publicity for an area standards dispute. Sheet Metal Workers Local 54, 174 N.L.R.B. 362 (1969).
Thus, unless an exception to Garmon applies, the arguably protected and prohibited nature of the activity would require federal preemption. The supreme court has found exercise of state trespass jurisdiction to be *918 proper over arguably prohibited conduct only when there is little risk of state interference with NLRB jurisdiction because the issue presented to the state court is different from that which could have been, but was not, presented to the NLRB. Sears, Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978). Unlike Sears, the Council did file a charge with the NLRB 12th regional office, but the result was the same since the complaint was not issued by the NLRB regional director. As in Sears, DeBartolo had no direct way to present the issue of location of handbilling to the Board; their complaint could deal only with the act of handbilling and its objectives. Thus, the Sears decision would indicate that the arguably prohibited aspect of the handbilling does not preclude state court assertion of trespass jurisdiction.
The arguably protected nature of the conduct requires preemption when an aggrieved party has an opportunity to invoke NLRB jurisdiction or induce his adversary to do so. Sears, supra. In Sears, the court assumed that the NLRB could not rule on the protected nature of the conduct under a complaint brought by Sears suggesting that the conduct was prohibited. The Sears court noted further that there was little danger of state misdirection in balancing Section 7 rights against state trespass laws, since trespassory conduct is usually not protected and if there is a strong argument for protection, the union would most likely file an unfair labor practice charge to get the issue before the NLRB. While the union attempted this below, the NLRB regional director failed to issue a complaint, and there was, thus, no opportunity for the parties to present the issue to the NLRB.
All of the factors present in Sears which caused the court to hold that state court jurisdiction was proper exist below, and we thus find that the exercise of jurisdiction was proper by the circuit court below. Of course, the next thing the lower court must do after finding jurisdiction would be to decide whether the trespass was protected by federal law by accommodating DeBarto-lo’s property rights with the Council’s Section 7 and Section 8 rights. We are unable to find any indication that the lower court considered this issue; it appears that the injunction was issued as soon as the jurisdictional issue was resolved. Fortunately, we need not deal with that question, for we must reverse for another reason.
The Supreme Court assumed in Sears that Sears could not obtain a ruling on whether the trespassory conduct was protected because the only issue Sears could raise was whether the conduct was prohibited or not. Only the union could raise the issue of the protected nature of the conduct. Apparently the NLRB does not make the same assumption in the case below. During the pendency of this appeal, the NLRB reached a decision in the case brought on DeBartolo’s complaint that the handbilling was prohibited, and indeed found that the handbilling below was protected. Florida Gulf Coast Building Trades Council, AFL-CIO, 252 N.L.R.B. 99 (1980). Since the entire rationale of the Sears case was based on the premise that the above NLRB action was not possible, we are unsure of the effect of Sears on this case and on any future litigation.
We are certain that the NLRB has jurisdiction, to the preemption of state courts, to accommodate property rights and rights created by the NLRA. Since the NLRB has determined that the conduct below was protected, we must reverse the order below and remand with instructions to dissolve the injunction. We note that the injunction was proper when issued. The Sears case was then unclouded, and the lower court, if it had reached an accommodation of DeBar-tolo’s property rights and the Council’s NLRA rights, may have found that the handbilling was not protected. But the NLRB has injected “new law” into that question with their opinion finding the economic interests of mall store owners to be so interdependent as to permit the handbill-ing below. We are constrained to follow the law in effect at the time of our opinion.
Although the NLRB order did not involve Belk-Lindsey, we hold that the *919 same policy considerations apply to accommodation of their property rights as to those of DeBartolo. As the NLRB noted below:
In sum, we find that the mutual obligation is between the parties and the benefits derived from participation in the mall enterprise reflect the symbiotic nature of the relationship between DeBartolo and its tenants, not unlike the relationship between the operations of a diversified corporation. High’s contribution to this enterprise is as an employer which applies its labor to a product, i. e., the Wilson’s store, from which DeBartolo and its tenants will derive substantial benefit. Consequently, we find as a result of its relationship with Wilson’s and the shopping center enterprise that High applies capital, enterprise and service to that enterprise, and thus it is a “producer” in the sense that that term is used in the publicity proviso as interpreted by the Supreme Court in N. L. R. B. v. Servette, Inc., 377 U.S. 46, 84 S.Ct. 1098, 12 L.Ed.2d 121 (1964) and by this Board in United Steelworkers of America, AFL-CIO-CLC, 244 N.L.R.B. 6 (1979).
Having found High to be a producer within the meaning of Section 8(b)(4), we find that respondent’s handbilling urging a total consumer boycott of DeBartolo and its tenants other than Wilson’s is protected by the publicity proviso of that section of the Act.
Florida Gulf Coast Building Trades Council, AFL-CIO, supra at 12. While the trial court did not have the benefit of that opinion in reaching the accommodation required between property and NLRA rights, we hold it to be dispositive.
Since the handbilling below was protected activity, the orders of injunction are REVERSED and the cases REMANDED for entry of appropriate orders dissolving the questioned injunctions.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.