633 P.2d 689

**PTA SALES, INC., d/b/a New Mexico Food Basket, Inc., No. 17 and New Mexico Food Basket, Inc., No. 18, Plaintiff-Appellee,**

v.

**RETAIL CLERKS LOCAL NO. 462, Defendant-Appellant.**

**No. 12899.**

Supreme Court of New Mexico.

Aug. 25, 1981.

Kool, Kool, Bloomfield & Hollis, John L. Hollis, Albuquerque, for defendant-appellant.

Poole, Tinnin & Martin, Robert P. Tinnin, Jr., Robert H. Jacobvitz, Albuquerque, for plaintiff-appellee.

## OPINION

EASLEY, Chief Justice.

Defendant Retail Clerks Local No. 462 (Union), appealed the trial court's issuance of a permanent injunction in favor of plaintiff PTA Sales, Inc. (Employer). We affirm the trial court.

The issues in this labor dispute are:

I.  Whether there is substantial evidence to support the trial court's finding that Union agents blocked access to doorways and refused to allow customers out of their cars.

II.  Whether the trial court had subject matter jurisdiction to issue an injunction.

III. Whether the injunctive relief granted by the trial court exceeded the scope of its jurisdiction.

IV. Whether Section 50–2–2(B), N.M.S.A.1978, applies only to acts against other employees.

V. Whether the trial court must comply with the provisions of Sections 50–3–1 and 50–3–2, ·N.M.S.A.1978, to grant injunctive relief under Section 50–2–2.

Employer operated two grocery stores in Roswell. Union is certified by the National Labor Relations Board (NLRB) as the collective bargaining representative of Employer's employees at the two stores. In furtherance of a labor dispute, Union commenced a strike and began picketing at the two stores. Employer brought an action for temporary, preliminary and permanent injunctive relief claiming that Union: (1) trespassed upon the Employer's property and refused to leave despite repeated requests; (2) intentionally blocked the access of customers to the stores and harassed and intimidated customers; (3) refused to allow customers out of their vehicles; and (4) falsely represented to customers that the stores were closed. The trial court granted an ex parte temporary restraining order. Union then sought to dissolve the temporary restraining order. After an evidentiary hearing in which both sides participated, the trial court denied Union's motion to dissolve the temporary restraining order and granted a preliminary injunction. The trial court subsequently issued a permanent injunction based on Subsections (B) and (D) of Section 50–2–2 which reads as follows:

B. It shall be unlawful in connection with any labor dispute for any person individually or in concert with others to hinder or prevent by mass picketing, violence or threats of violence, force, coercion or intimidation of any kind, the pursuit of any lawful work or employment, or to obstruct or interfere with entrance to or egress from any place of employment, or to obstruct or interfere with free or uninterrupted use of any public roads, streets, highways, railways, airports or other ways of travel or conveyance.

. . . .

D. Any person or persons may be restrained by injunction from doing any of the acts prohibited by this section without regard to the conditions and restrictions set forth in Sections 50–3–1 and 50–3–2 NMSA 1978.

## I.

Significant among the court's findings of fact are:

No. 11. The Defendant's agents blocked the doorways which permitted access of customers to Plaintiff's retail stores.

No. 12. Customer's [sic] of Plaintiff's retail stores have been intimidated by agents of the Defendant by refusing to allow customers out of their vehicles, contrary to Section 50–2–2B N.M.S.A. (1978 Comp.).

■ We are bound by the rule that the evidence must be considered in an aspect most favorable to appellees and that the facts found by the trial court are binding on appeal if supported by substantial evidence. *Pentecost v. Hudson*, 57 N.M. 7, 252 P.2d 511 (1953). We hold that Findings of Fact Nos. 11 and 12 are supported by substantial evidence.

## II.

■ Union contends that federal law preempts the state court's subject matter jurisdiction. Union relies primarily upon *San Diego Unions v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), and *Sears, Roebuck & Co. v. Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

In *Garmon*, the Court held that federal law preempts state court jurisdiction over labor practices which are arguably either protected or prohibited under Sections 7 or 8 of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157 and 158 (1976).

In *Sears*, the Court held that where the union engaged in trespassory picketing and had a fair opportunity to invoke the juris-

584

diction of the NLRB and failed to do so, state court's subject matter jurisdiction was not preempted.

We do not believe the *Garmon* rule, as modified by *Sears*, is controlling in the instant case. In both of those cases, the Court recognized the continued validity of an exception to the general rule of federal preemption where the union's conduct "touched interests so deeply rooted in local feeling and responsibility." *Garmon, supra* 359 U.S. at 244, 79 S.Ct. at 779. These local interests are involved in cases where the union's conduct includes actual or potential violence, *Youngdahl v. Rainfair, Inc.*, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957); threats of violence, *United Workers v. Laburnum Corp.*, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954); and obstruction of customer access without violence, *Kaplan's Fruit, Etc. v. Superior Court, Etc.*, 26 Cal.3d 60, 160 Cal.Rptr. 745, 603 P.2d 1341 (1979). This Court has previously observed that state jurisdiction is not preempted where the union's conduct is marked by violence, threats of violence or imminent threats to public order. *Gonzales v. Oil, Chemical and Atomic Workers Int. U.*, 77 N.M. 61, 419 P.2d 257 (1966).

The instant case is distinguishable from *Sears*. In *Sears*, the employer's action was grounded solely in trespass. In this case, Union's conduct included intimidating customers and obstructing customer access. Union's conduct was tantamount to a potential breach of the public order. This conduct, therefore, "touched interests so deeply rooted in local feeling and responsibility." *See Garmon, supra*. We hold that federal law did not preempt subject matter jurisdiction of the state court.

### III.

■ Union contends that, even assuming the state court had subject matter jurisdiction, the injunctive relief granted exceeded the scope of its jurisdiction by interfering with Union's right to engage in peaceful picketing.

The injunction provided that Union should be permitted to picket plaintiff's Store No. 17, such picketing should be confined to no more than four pickets, at any one time, and such picketing should be confined to the number of two pickets on the northerly side of the store and two pickets on the westerly side of the store and confined to the sidewalk area, and the two pickets permitted on the north side of the store to remain one on each side of the combination entry-exit doorway and should not approach the entrance-exit any closer than five feet, and should not in any manner picket these areas in a manner which will impede the flow of foot traffic to plaintiff's Store No. 17. Union relies heavily upon *Youngdahl v. Rainfair, Inc., supra*. In *Youngdahl*, the United States Supreme Court held that a state court lacked jurisdiction to issue an injunction prohibiting, *inter alia*, all "picketing or patrolling" of the employer's premises. The Court stated:

Though the state court was within its discretionary power in enjoining future acts of violence, intimidation and threats of violence, by the strikers and the union, yet it is equally clear that such court entered the pre-empted domain of the National Labor Relations Board insofar as it enjoined peaceful picketing by petitioners. The picketing proper, as contrasted with the activities around the headquarters, was peaceful.... What violence there was was scattered in time and much of it was unconnected with the picketing.

355 U.S. at 139, 78 S.Ct. at 211–212.

The injunction in the present case does not go to the extreme measures adopted by the state court in *Youngdahl*. Picketing is allowed under the injunction. The limitation on the number of pickets and their location is directly related to the objective of preventing the obstruction of access to the employer's business. *See M. Restaurants v. San Francisco Local, Etc.*, 146 Cal. Rptr. 436 (Ct.App. 1978). We therefore hold that the injunctive relief granted by the trial court did not exceed the scope of its subject matter jurisdiction.

## IV.

The Union contends that Section 50–2–2(B) does not apply to acts against customers and ought to be limited to acts against employees. The pertinent part of the statute reads:

> It shall be unlawful in connection with any labor dispute for any person individually or in concert with others ... to obstruct or interfere with entrance to or egress from any place of employment....

Union interprets the statute to apply only where striking workers obstruct the access of other employees to the place of employment. Thus, obstructing customer's access is not covered by Section 50–2–2(B).

This interpretation is too narrow and would be inconsistent with the intent of the Legislature. The legislative intent is set out in Section 50–2–1, N.M.S.A.1978. The legislative purpose is "for the welfare and protection of its citizens" as well as to "eliminate those practices which are so destructive to good employee-employer relationships." Limiting Section 50–2–2(B) to cover acts between employees would lead to absurd results. We therefore conclude that, consistent with the expressed intent of the Legislature, the state court is authorized under Section 50–2–2(B) to enjoin obstructions of access of customers as well as other employees.

## V.

Union contends that a temporary restraining order and preliminary injunction cannot be issued under Section 50–2–2 without first complying with the requirements of Sections 50–3–1 and 50–3–2.

This contention is wholly without merit. Subsection (D) of Section 50–2–2 provides, "[a]ny person or persons may be restrained by injunction from doing any of the acts prohibited by this section without regard to the conditions and restrictions set forth in Sections 50–3–1 and 50–3–2 NMSA 1978." Thus the trial court is specifically authorized to grant an injunction under Section 50–2–2 without complying with Sections 50–3–1 and 50–3–2.

Alternatively, Union contends that the scope of the injunction exceeded that authorized under Section 50–2–2(D) and thus required compliance with Sections 50–3–1 and 50–3–2.

We have previously noted that the injunction is narrowly tailored to achieve the objectives of Section 50–2–2 by preventing obstruction of access and that the restrictions upon the number and location of pickets is directly related to this objective. A statute should be construed to accomplish what the Legislature intends. *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 568 P.2d 1236 (1977). We therefore hold that the injunctive relief granted by the trial court was within the scope of Section 50–2–2.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.